IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-01486-LTB-CBS

BARBARA LOASE,

    Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
a Colorado Banking Corp.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and by agreement of undersigned counsel, it is

ORDERED that:

**Introduction**. Whenever any party or third party in this case (the Producing Person) elects or is required to produce or make available information or material, whether oral, written, or demonstrative, including any documents, interrogatory answers, admissions, things, deposition testimony or other information to any other party (the Receiving Person), the Producing Person may designate that information (designated information), whether in the form of documents, interrogatory answers, admissions, things, deposition transcripts, or otherwise, with one of the two following designations:

    (a)    "*Confidential*"; or

      (b)    "*Confidential--Trial Counsel Only*".

**Limitation on Use of Discovery Material**. All information, documents and other tangible things revealed or produced in connection with discovery, including the Court's mandatory disclosures, all deposition testimony, all interrogatory responses, all responses to requests for admission, all other discovery, and all information contained in or derived from the foregoing (hereinafter collectively referred to as "discovery material") shall be used *solely* for preparation for and trial, arbitration or mediation of this case, including any and all appeals and retrials; discovery material shall not be used for any other purpose, including, without limitation, any business, governmental, commercial or competitive purpose.

**Designation of *Confidential* and *Confidential - Trial Counsel Only***. In addition to the protections applicable to all discovery material in this case, as set forth in paragraph 2 above, a Producing Person may designate any discovery material, including, without limitation, information, documents, deposition testimony, and other tangible things, revealed or produced in discovery to any other party to be *Confidential* or *Confidential - Trial Counsel Only*. A *Confidential* document is a document that contains non-public information that could foreseeably have an adverse effect on the business or property of the Producing Person if that information were generally disclosed to the public. A *Confidential - Trial Counsel Only* document is a document that contains information that if disclosed to anyone other than trial counsel, its employees or retained experts could foreseeably cause competitive injury to the Producing Person.

      A.    **Marking *Confidential* and *Confidential - Trial Counsel Only* Information**. At the time of production or other disclosure the Producing Person shall, as it

deems appropriate, mark discovery material containing Confidential information with the legend: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION NO. 06-cv-01486-LTB-CBS, USDC FOR THE DISTRICT OF COLORADO." Confidential - Trial Counsel Only information shall be marked with the following legend: "CONFIDENTIAL - TRIAL COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION NO. 06-cv-01486-LTB-CBS, USDC FOR THE DISTRICT OF COLORADO." Designation of documents shall be made by marking each page of the document prominently with the appropriate legend.  Such markings shall be done in a manner so as not to interfere with the readability of the document or obscure any of the contents on the documents.  Non-documentary discovery materials may be placed in an envelope or other suitable container that contains the appropriate legend on the container along with a general description of the materials contained therein (i.e., photographs, video tapes, representative products, etc.).

      B.    **Persons to Whom *Confidential* Information May be Disclosed**.  Any discovery material designated as *Confidential* shall not be provided, shown, made available, or communicated in any way to any person or entity with the *exception* of:

      (a)    Counsel of record working on this action on behalf of any party to this Order, and all associates, assistants, paralegals, and stenographic and clerical employees working under the direct supervision of such counsel;

      (b)    Employees, officers and directors of any party to this Order;

      (c)    Any person not employed by a party who is expressly retained by a party to this Order or any attorney designated in subsection (a) above, to assist in the litigation of

this action, with disclosure of *Confidential* materials only to the extent necessary to perform such work;

    (d) Court Reporters and any person who is an author or recipient of the *Confidential* materials of whom testimony is taken, except that such persons may be shown copies of *Confidential* materials only during such testimony and may not retain any *Confidential* materials or copies thereof; and

    (e) The Court or its staff in connection with the Court's administration and adjudication of this action.

    C. **Persons to Whom *Confidential - Trial Counsel Only* Information May be Disclosed**.  Any discovery material designated as *Confidential - Trial Counsel Only* shall not be provided, shown, made available, or communicated in any way to any person or entity with the *exception* of:

    (a) Outside counsel of record working on this action on behalf of any party to this Order, and all associates, assistants, paralegals, and stenographic and clerical employees working under the direct supervision of such counsel;

    (b) Any person not employed by a party who is expressly retained by a party to this Order or any attorney designated in subsection (a) above, to assist in the litigation of this action, with disclosure of *Confidential - Trial Counsel Only* materials only to the extent necessary to perform such work;

    (c) Court Reporters and any person who is an author or recipient of the *Confidential - Trial Counsel Only* materials of whom testimony is taken, except that such persons may be shown copies of *Confidential - Trial Counsel Only* materials only during such

testimony and may not retain any *Confidential - Trial Counsel Only* materials or copies thereof; and

      (d) The Court or its staff in connection with the Court's administration and adjudication of this action.

    D. **Disclosure of *Confidential* or *Confidential - Trial Counsel Only* Information to Persons Outside the Scope Permitted by this Order**.  There are three methods by which a party can disclose *Confidential* or *Confidential - Trial Counsel Only* information to persons other than those expressly permitted to view such information in this Order:  (1) a Receiving Person seeking such disclosure can obtain a written waiver of the protections of this Order from the Producing Person; (2) the Receiving Person seeking such disclosure can obtain a judicial determination of the propriety of the designation of the information as *Confidential* or *Confidential - Trial Counsel Only*; and (3) the Receiving Person seeking such disclosure can obtain a judicial modification order permitting the requested disclosure.  Under no circumstances is a party permitted to make a disclosure of *Confidential* or *Confidential - Trial Counsel Only* information outside the scope permitted by this Order until it has received either (a) a written waiver from the Producing Person permitting such disclosure, (b) an Order of this Court reclassifying the information to a status that permits the disclosure desired; or (c) an order of this Court allowing such disclosure notwithstanding its *Confidential* or *Confidential - Trial Counsel Only* classification.  In any judicial proceeding regarding the status of *Confidential* or *Confidential - Trial Counsel Only* information, the Receiving Person seeking disclosure shall proceed by motion pursuant to the rules of the Court.  In an adjudication of the *Confidential* or *Confidential - Trial Counsel Only* status of a document, the Producing Person shall have the

burden of proving that the information is entitled to *Confidential* or *Confidential - Trial Counsel Only* status. In an adjudication wherein a Receiving Person seeks to disclose *Confidential* or *Confidential - Trial Counsel Only* information beyond the scope permitted by this Order, the Receiving Person seeking such disclosure shall have the burden of establishing that the need to disclose the *Confidential* or *Confidential - Trial Counsel Only* information in order to prosecute or defend this case outweighs the Producing Person's interest in not having the document disclosed beyond the scope of this Order, as permitted by its designation.

E. **Ensuring Compliance with this Order**. Before counsel for a Receiving Person discloses any *Confidential* or *Confidential - Trial Counsel Only* information (or its contents) to anyone other than associates, assistants, paralegals, and stenographic and clerical employees working under the direct supervision of such counsel, such counsel shall require each person to whom the disclosure is to be made to read a copy of this Order and to signify in writing, in the form attached hereto as *Exhibit A*, that he or she has reviewed this Order and agrees not to disclose or use any *Confidential* or *Confidential - Trial Counsel Only* information or any other discovery material except as provided by the terms of this Order. Discovering counsel shall retain all forms signed pursuant to this paragraph and provide copies of such forms upon request of opposing counsel.

**Disclosure to Experts**. Prior to the disclosure of designated information to any retained expert or consultant as provided for herein, the Receiving Person desiring to make such disclosure shall give written notice to all parties' counsel of the name of such expert and describe the subject matter on which such expert will give an opinion or assist counsel. The Producing Person shall have five (5) business days within which to object, in writing, to such person receiving the

designated information.  If no agreement is reached regarding the disclosure, no later than ten (10) business days after written notice is received by the Receiving Person, the Producing Person shall have the burden of presenting its objection to the Court for an appropriate ruling stating its reasonable justification for its objection.  If a Producing Person fails to make an objection or fails to file an appropriate motion with the Court within the time periods described herein, such Producing Person shall be presumed to have consented to the disclosure.

**Depositions**.  The following procedures shall apply to the taking, transcribing, and copying of depositions, in addition to any other relevant provision of this Order:

    A.  **Examination Regarding *Confidential* or *Confidential - Trial Counsel Only* Information**.  A deponent may be shown and examined about *Confidential* or *Confidential - Trial Counsel Only* information if the deponent was an author or recipient of the *Confidential* or *Confidential - Trial Counsel Only* information or if counsel for the Receiving Person has obtained written consent of counsel for the Producing Person.

    B.  **Attendance at Depositions**.  In the event that party representatives are in attendance at a deposition and a question would appear to call for disclosure of *Confidential - Trial Counsel Only* information or the witness and its counsel believes in good faith that the answer the witness is about to give will contain *Confidential - Trial Counsel Only* information then counsel for the Producing Person may ask the client representatives present at the deposition for the Receiving Person to excuse themselves pending response to that question.  To the extent possible, counsel asking questions at a deposition shall attempt to group all those questions that might call for a response containing *Confidential - Trial Counsel Only* information together at one time during the examination.

C. **Designation of Deposition Testimony and Exhibits**. Counsel for any Producing Person may designate deposition testimony or exhibits thereto as *Confidential* or *Confidential - Trial Counsel Only* information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to the testimony are to be treated as *Confidential* or *Confidential - Trial Counsel Only* information. Failure of counsel for the Producing Person to designate testimony or exhibits as *Confidential* or *Confidential - Trial Counsel Only* information at the deposition, however, shall not constitute a waiver of the Producing Person's right to designate the testimony or exhibits as *Confidential* or *Confidential - Trial Counsel Only* thereafter. Upon receipt of the transcript of the deposition, counsel for the Producing Person shall have ten (10) business days within which to designate specific pages and lines of the transcript or the exhibits as *Confidential* or *Confidential - Trial Counsel Only* information. Until counsel for the Producing Person designates the transcript or exhibits as *Confidential* or *Confidential - Trial Counsel Only* information, however, any Receiving Person shall treat the entire transcript and all of the exhibits thereto as *Confidential - Trial Counsel Only* information. Failure to make such designations within ten (10) business days of receipt of the deposition transcript shall constitute a waiver of the right to so designate, and the Receiving Person shall be entitled to treat the entire transcript and all exhibits thereto as non-designated material.

D. **Transcription and Designation of Transcripts**. When material disclosed during a deposition is designated as *Confidential* or *Confidential - Trial Counsel Only* information at the time testimony is given, the reporter shall separately transcribe and bind those portions of the testimony so designated and shall mark the face of the transcript with the appropriate legend set forth in paragraph 3.A above. The reporter or attorney who is the

custodian of the original copy of the transcript shall maintain that portion of the transcript or exhibits in separate files marked to designate the *Confidential* or *Confidential - Trial Counsel Only* nature of their contents. The reporter or attorney who is the custodian of the original copy of the transcript shall not file or lodge with the Court any *Confidential* or *Confidential - Trial Counsel Only* portion of the transcript or exhibits except upon order of the Court or with written consent from the Producing Person who designated the material as *Confidential* or *Confidential - Trial Counsel Only* information. For convenience, if a deposition transcript or exhibit contains repeated references to *Confidential* or *Confidential - Trial Counsel Only* information that cannot conveniently be segregated from non-designated material, any party may request that the entire transcript or exhibit be maintained by the reporter or attorney who is custodian of the original copy of the transcript as *Confidential* or *Confidential - Trial Counsel Only* information.

**Relief from this Order**. This Order is entered into without prejudice to the right of any party to move the Court for relief from this Order at any time.

**Non-Waiver of Objection or Opposition**. This order does not preclude any party from objecting to or opposing production of information or documents for lack of relevance, or on any other appropriate ground. This Order shall not expand or limit the rights of any party to demand additional information during the course of discovery on any grounds.

**Use by Producing Person**. This Order shall not be construed to restrict the right of the Producing Person to use discovery materials it produced in any manner it deems appropriate. Such use by the Producing Person or its counsel shall not be deemed a waiver of the right to insist on compliance with this Order by the Receiving Person.

**Non-Waiver of Confidentiality**. If any *Confidential* or *Confidential - Trial Counsel Only* information is inadvertently provided to a Receiving Person without being marked as *Confidential* or *Confidential - Trial Counsel Only* in accordance with paragraph 3 of this Order, the failure to so mark the discovery material shall not be deemed a waiver of its *Confidential* or *Confidential - Trial Counsel Only* nature. Except for deposition transcripts and any exhibits thereto, the designation of which are governed by paragraph 4.B of this Order, until the discovery material is designated as *Confidential* or *Confidential - Trial Counsel Only* information by the Producing Person, the Receiving Person shall be entitled to treat the discovery material as non-designated. When the discovery material is subsequently designated *Confidential* or *Confidential - Trial Counsel Only* information the Receiving Person shall immediately (i) collect any and all originals and copies of such materials that have been distributed to or shared with persons that are no longer entitled to such information; (ii) obtain from such persons a signed document, in the form attached hereto as Exhibit B, acknowledging that he or she has returned any and all originals and copies of such materials and agrees not to disclose or use any of the *Confidential* or *Confidential - Trial Counsel Only* information contained therein, and provide the signed original to the Producing Person; (iii) treat such information in accordance with the terms of this Order; and (iv) take reasonable steps to assure that the discovery material is marked as *Confidential* or *Confidential - Trial Counsel Only* information or returned to the Producing Person for appropriate designation pursuant to paragraph 3 of this Order.

**Filing Under Seal**. When a party intends to file designated documents containing *Confidential* or *Confidential - Trial Counsel Only* information with the Court, or file any pleading, brief, or

paper disclosing *Confidential* or *Confidential - Trial Counsel Only* contained in a designated document, counsel for the filing party shall notify counsel for the Producing Person of such intent. Such notification shall be made within a reasonable time not less than five (5) business days prior to filing, such that the Producing Person has an opportunity to file a motion to seal with the Court. Any party or non-party may move the Court, either jointly or unilaterally, for an order allowing such matter to be filed under seal. If such a motion is granted, the protected documents or material containing *Confidential* or *Confidential - Trial Counsel Only* information shall be filed in a sealed envelope or container marked on the outside with the title of the action and a statement substantially in the following form:

"**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER
[ORCONFIDENTIAL--FOR INSPECTION BY TRIAL
COUNSEL ONLY]**
This envelope (or container) filed by [name of party] is not to be
opened nor the contents thereof displayed or revealed except by Court
Order or by agreement of the parties.

**Storing of *Confidential* and *Confidential - Trial Counsel Only* Material**. All designated information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

**Information Obtained from Public Sources**. Subject to the Producing Person seeking relief from the Court as provided in paragraph 4, this Order shall not inhibit the dissemination or use of any designated information if that information has been or is obtained by the Receiving Person (1) from sources which are public, or (2) from sources other than the Producing Person under circumstances that place no restriction on the use or disclosure of the information by the Receiving Person. Nothing in this Order or in any party's compliance with its provisions shall be construed to preclude a party from seeking and obtaining designated or other information either informally or by discovery request or other judicial process in this action.

**Return or Destruction of *Confidential* or *Confidential - Trial Counsel Only* Material**. Within ninety (90) days after the conclusion of this case, counsel for the Receiving Person shall, at the sole option of counsel for the Producing Person, return or destroy all discovery materials, including all copies, containing any *Confidential* or *Confidential - Trial Counsel Only* information. All deposition transcripts, exhibits, and any other material returned to the parties or

their counsel by the Court which contain *Confidential* or *Confidential - Trial Counsel Only*

information shall also be destroyed or returned as set forth above.

**Duration**.  The terms of this Order shall survive and remain in full force and effect after the termination of this lawsuit.  The Court shall retain jurisdiction to determine any issues arising from the terms of this Order.

**Effective Date**.  This Order shall take effect as of the date and time it has been executed and filed with the Court.

DATED at Denver, Colorado, this 11th day of June, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

DATED: June 7, 2007.

| | |
|---|---|
| s/Karen Larson_____ | s/Kerri J. Atencio_____ |
| Karen Larson | Kerri J. Atencio |
| 1120 Lincoln Street, Suite 711 | HOLLAND & HART, L.L.P. |
| Denver, CO 80203 | 90 South Cascade Avenue |
| Telephone: (303) 831-4404 | Suite 1000 |
| FAX: 303-830-8843 | Colorado Springs, CO 80903 |
| Email: kvirginia@aol.com | Telephone: 719-475-7730 |
| Attorney for Plaintiff | FAX: 719-634-2461 |
| | Email: kjatencio@hollandhart.com |
| | |
| | Brian M. Mumaugh |
| | HOLLAND & HART LLP |
| | 8390 East Crescent Parkway, Suite 400 |
| | Greenwood Village, CO  80111 |
| | Telephone:  (303) 290-1600 |
| | Email: bmumaugh@hollandhart.com |
| | |
| | Attorneys for Defendant |